UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JEROME LEWIS,

      Movant,

v.

UNITED STATES OF AMERICA,

      Respondent.

_____/

Case No. 1:10-CV-256
(Criminal Case No. 1:05-CR-69)

HON. GORDON J. QUIST

**OPINION**

      Movant, Jerome Lewis, has filed a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody. The Government has filed a response in opposition to Lewis's motion, and Lewis has filed a reply. Lewis raises the following two issues: (1) his trial counsel was ineffective for failing to file a Rule 29 motion arguing that one of his two convictions under 18 U.S.C. § 924(c) is invalid because both convictions were predicated on the same underlying offense; and (2) his appellate counsel was ineffective for failing to raise the same issue on appeal. After reviewing the pleadings, the parties' briefs, and other documents in the record, the Court concludes that Lewis's arguments have merit and he is entitled to the relief sought, namely, that one of his § 924(c) convictions be vacated and that he be resentenced.

**I. PROCEDURAL HISTORY**

      On March 17, 2005, a grand jury returned an indictment charging Lewis with four offenses, all occurring on February 17, 2005: possession with intent to distribute cocaine, heroin, and marijuana, all in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Counts 1-3); and possession of a firearm in furtherance of the drug trafficking offenses alleged in Counts 1-3, in violation of 18

U.S.C. § 924(c)(1)(A)(i) (Count 4). A series of superseding indictments followed, culminating in a sixth and final superseding indictment. Concerning Lewis, the sixth superseding indictment added two conspiracy charges, additional drug trafficking offenses, and an additional § 924(c) gun charge. Count 1 charged Lewis with conspiracy to possess with intent to distribute and to distribute heroin from September 2004 to on or about December 20, 2005, and Count 2 charged Lewis with conspiracy to possess with intent to distribute and to distribute cocaine from the spring of 2004 to on or about March 22, 2005. Counts 3, 4, and 5 charged Lewis with the original February 17, 2005, drug trafficking offenses, and Count 6 charged him with possession of a firearm in furtherance of those offenses. Count 7 charged Lewis with distribution of heroin resulting in serious bodily injury, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Counts 8 and 9 charged Lewis with distribution of cocaine and heroin on March 21, 2005. Counts 10, 11, and 12 charged Lewis with possession with intent to distribute cocaine, heroin, and marijuana on March 22, 2005. Finally, Count 13 charged Lewis with possession of a firearm in furtherance of the March 22, 2005, drug trafficking offenses.

The gun charges, set forth in Counts 6 and 13, alleged as follows:

COUNT SIX

(POSSESSION OF A FIREARM IN FURTHERANCE OF DRUG TRAFFICKING)

On or about February 17, 2005, in Kent County, in the Western District of Michigan, Southern Division, the Defendant,
JEROME LEWIS, aka "Tess,"
knowingly possessed a firearm, to wit: a .380 caliber Davis Industries semiautomatic pistol, serial number AP103685, in furtherance of the drug trafficking crimes of conspiracy to possess with intent to distribute and to distribute heroin, conspiracy to possess with intent to distribute and to distribute cocaine, and possession with intent to distribute cocaine, heroin, and marijuana, as charged in Counts 1, 2, 3, 4 and 5 of this Fifth [sic] Superseding Indictment and incorporated here, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

. . . .

## COUNT THIRTEEN

### (POSSESSION OF A FIREARM IN FURTHERANCE OF DRUG TRAFFICKING)

> On or about March 22, 2005, in Kent County, in the Western District of Michigan, Southern Division, the Defendant,
> JEROME LEWIS, aka "Tess,"
> knowingly possessed a firearm, to wit: an AMT .380 caliber 9 mm handgun, serial number DA2880, in furtherance of the drug trafficking crimes of conspiracy to possess with intent to distribute and to distribute heroin, conspiracy to possess with intent to distribute and to distribute cocaine, and possession with intent to distribute cocaine, heroin, and marijuana, as charged in Counts 1, 2, 10, 11 and 12 of this Fifth [sic] Superseding Indictment and incorporated here, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(C)(I).

(6th Superseding Indictment at 6, 13.)

The case was tried to a jury from December 12, 2006, through December 21, 2006. In its opening instructions to the jury regarding counts 6 and 13, the Court told the jury:

> Counts 6 and 13 of the superseding indictment charge Defendant Lewis with violating federal law by possessing a firearm in furtherance of a drug-trafficking crime. Different counts because of different times and different related offenses.
> In order for you to find the Defendant Lewis guilty of these, you must find him first guilty of one of the crimes charged that would be numbered in the indictment and in the instructions that are given to you;
> Second, that the Defendant Lewis knowingly possessed the firearm referred to in the particular count. It will be Count 6 the first time; and
> Third, that the firearm was possessed in furtherance of at least one of the crimes charged in Counts 1 through 5 or Count 6 of the indictment. In other words, you look -- if he's found guilty of Counts 1 through 5, then you look at Count 6: Did he possess a firearm in furtherance of that specific crime?
> Likewise, if you find the defendant guilty of Count 13, then you have to answer the question -- well, Counts 1, 2, 10, 11 or 12, then you have to answer the question as to 13, whether he possessed the firearm referred to in Count 13 in furtherance of at least one of the crimes charged in Counts 1, 2, 10, 11 or 12 of the indictment.

(Trial Tr. at 101.) At the conclusion of the evidence, the Court again instructed the jury on the gun charges in Counts 6 and 13. With regard to Count 6, the Court instructed the jury that in order to find Lewis guilty, it would have to find "that the firearm was possessed in furtherance of at least one of the crimes charged in Counts 1 through 5 of the sixth superseding indictment that you find were

3

committed by the defendant (if any)." (*Id.* at 1462.) Similarly, with regard to Count 13, the Court instructed the jury that in order to find Lewis guilty it would have to find that "the firearm was possessed in furtherance of at least one of the crimes charged in Count 1, 2, 10, 11 or 12 of the sixth superseding indictment that you find were committed by the defendant (if any)." (*Id.* at 1463.)

The jury found Lewis guilty of all Counts, 1-13, except Count 7. For Count 6, the verdict form stated: "As to Count 6 of the sixth superseding indictment, charging defendant Jerome Lewis with possession of a firearm in furtherance of drug trafficking on February 17, 2005, we, the jury, unanimously find defendant Lewis . . . Guilty." Similarly, for Count 13, the verdict form stated: "As to Count 13 of the sixth superseding indictment, charging defendant Jerome Lewis with possession of a firearm in furtherance of drug trafficking on March 22, 2005, we, the jury, unanimously find defendant Lewis . . . Guilty."

On May 22, 2007, this Court sentenced Lewis to 420 months imprisonment, consisting of concurrent terms of 60 months on Counts 1-5 and 8-12; a consecutive 60-month term on Count 6; and a consecutive 300-month term on Count 13. Judgment was entered on May 24, 2007.

Lewis appealed his convictions and sentence to the United States Court of Appeals for the Sixth Circuit, raising four issues: (1) this Court erred in denying Lewis's pretrial motion to suppress; (2) his conviction on Count 13 was not supported by sufficient evidence that he possessed the firearm in furtherance of drug trafficking; (3) this Court erred in calculating Lewis's advisory Sentencing Guideline range by failing to give him credit for acceptance of responsibility; and (4) his sentence was substantively unreasonable. Finding Lewis's arguments without merit, the Sixth Circuit affirmed his convictions and sentence in an unpublished decision issued on May 15, 2009. *See United States v. Manjate*, 327 F. App'x 562 (6th Cir. 2009). A mandate was entered on June 9, 2009. Lewis filed this timely motion under 28 U.S.C. § 2255 on March 15, 2010.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2255(a), a prisoner in the custody of the United States may seek collateral relief from a sentence where "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." The Sixth Circuit has held, however, that "[s]ection 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594 (1982)). A movant will be procedurally barred from raising an issue in a § 2255 motion that should have been raised on direct appeal unless the movant can show both cause and prejudice. *Elzy v. United States*, 205 F.3d 882, 885-86 (6th Cir. 2000). Attorney error may constitute cause if the error amounts to ineffective assistance of counsel. *See Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645 (1986). In addition, ineffective assistance of counsel claims are generally not reviewable on direct appeal, but instead must be raised in a motion under § 2255. *United States v. Quinlan*, 473 F.3d 273, 280 (6th Cir. 2007) (citing *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 1693 (2003)).

Lewis alleges that both his trial counsel and his appellate counsel were ineffective. More specifically, he argues that his trial counsel failed to challenge one of his two § 924(c) convictions under the Double Jeopardy Clause and/or the Sixth Circuit's interpretation of § 924(c) because both charges relied upon the same predicate offenses, the conspiracies charged in Counts 1 and 2. He likewise argues that his appellate counsel was ineffective for failing to raise the issue on direct appeal.

The United States Court of Appeals for the Sixth Circuit has summarized the test for ineffective assistance of counsel as follows:

> A two-prong test establishes ineffective assistance of counsel: 1) the defendant must show that his counsel's performance was deficient; and 2) prejudice must have resulted to counsel's defendant from the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). The first prong requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. The second prong requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial. *Id.*
>
> "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.... If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, ... that course should be followed." *Strickland*, 466 U.S. at 697, 104 S. Ct. 2052.
>
> To establish prejudice, the defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S. Ct. 2052. To determine if Kinnard was prejudiced by his attorney's performance, it is necessary to determine if the proceeding was fundamentally unfair or unreliable; a court should not focus the analysis on the outcome. *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S. Ct. 838, 122 L.Ed.2d 180 (1993).

*Kinnard v. United States*, 313 F.3d 933, 935 (6th Cir. 2002).

The standard under the *Strickland* deficiency prong is whether Petitioner's counsel provided "reasonably effective assistance," and "whether counsel's conduct <u>so undermined</u> the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686-87, 104 S. Ct. at 2064 (emphasis added). There is a presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and, to prevail, Petitioner must meet the burden of showing that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688-89, 104 S. Ct. at 2064. A court must also not indulge in hindsight, but must evaluate the reasonableness of counsel's performance within the context of the circumstances at the time of the alleged errors. *Id.* at 690, 104 S. Ct. at 2065-66.

6

The *Strickland* two-pronged analysis also applies to claims of ineffective assistance by appellate counsel. *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010) (citing *Smith v. Robbins*, 528 U.S. 259, 285, 120 S. Ct. 746, 764 (2000)).

> "It is not required that an attorney argue every conceivable issue on appeal." *Jones v. Barnes*, 463 U.S. 745, 749, 103 S. Ct. 3308, 77 L. Ed. 2d 987 (1983) (citation and quotation marks omitted). Rather, appellate counsel must "examine the record with a view to selecting the most promising issues for review." *Id.* at 752, 103 S. Ct. 3308. "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Robbins*, 528 U.S. at 259, 120 S. Ct. 746 (citation and quotation marks omitted).

*Hoffner v. Bradshaw*, __ F.3d __, 2010 WL 3724790, at *14 (6th Cir. Sept. 23, 2010).

### A. Deficient Performance

Pursuant to 18 U.S.C. § 924(c)(1), "any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking," be subjected to additional punishments. The Sixth Circuit, as does the majority of other circuits, *see United States v. Diaz*, 592 F.3d 467, 471-72 (3d Cir. 2010), holds that when an indictment includes multiple gun charges under § 924(c)(1), each § 924(c)(1) conviction must be supported by a separate predicate offense. *See United States v. Taylor*, 13 F.3d 986, 994 (6th Cir. 1994) ("Where the indictment charges a single predicate offense, a court may not enter a judgment of conviction against a defendant, and may not sentence a defendant, for multiple § 924(c) counts in relation to that single predicate offense."). The court explained the constitutional basis of this rule in *United States v. Sims*, 975 F.2d 1225 (6th Cir. 1992):

> The Double Jeopardy Clause of the Fifth Amendment prohibits punishing a defendant twice for the same conduct. In this Circuit, it is well-settled that because of that prohibition a court may not impose more than one sentence upon a defendant for violations of section 924(c) which relate to but one predicate offense.

*Id.* at 1233 (citations omitted).

*United States v. Henry*, 878 F.2d 937 (6th Cir. 1989), is the foundation of Lewis's ineffective assistance argument. In *Henry*, the defendant was charged and convicted of two separate drug trafficking crimes – manufacturing and possessing marijuana with the intent to distribute. When the police caught the defendant, they discovered he was carrying a gun. In a subsequent search of the defendant's house, the police found $2,100 in cash, a large amount of processed marijuana, a pistol, and a rifle. Thus, in addition to the two drug trafficking crimes, the defendant was charged with, and convicted of, two § 924(c)(1) counts, one based upon the pistol that the defendant had been carrying and the other based upon the weapons found in the house. Each gun charge referred to both drug trafficking offenses. The court observed that each drug trafficking charge could properly serve as a predicate for a separate § 924(c)(1) charge and explained that two gun charges would have been proper not, as the government argued, because more than one gun was involved, but because two separate predicate offenses were charged. *Id.* at 942. Nonetheless, the court found it necessary to vacate one of the two gun charges because both gun charges referred to both drug trafficking offenses:

> It can be seen that rather than linking one of the firearms counts specifically to one of the drug counts, the government here referenced both drug counts in *each* of the two firearms counts. This is a further illustration of the government's misapprehension that it is the number of guns that controls. . . .
>
> . . . .
>
> . . . Again, we emphasize, however, that had the government in count three related the firearm to a drug offense different than the ones charged in count four, we would have been able to affirm Henry's conviction under both counts.

*Id.* at 943, 945.

The Government contends that Lewis misunderstands *Henry* and incorrectly applies it to the facts of the instant case because here, Lewis "committed several distinct drug trafficking crimes

8

on two distinct dates in two different locations and in doing so created independent predicate offenses to support two § 924(c) charges." (Gov't Resp. Br. at 6.) Moreover, the Government points out, each of the § 924(c) charges referred to separate and distinct predicate offenses occurring on different dates. That is, Count 6 included Counts 3, 4, and 5, which occurred on February 17, 2005, while Count 13 included Counts 10, 11, and 12, which involved different drugs and occurred over a month later, on March 22, 2005. Lewis does not dispute that Counts 3, 4, and 5, are separate from Counts 10, 11, and 12, and that each group of offenses would provide sufficient bases to support the two gun charges. Rather, he contends that the inclusion of the conspiracy charges in Counts 1 and 2 as predicate offenses in both Counts 6 and 13 (which constitute additional predicate offenses that could support separate gun charges), without the linkages required by *Henry*, necessitates that one of the gun charges be vacated.

*United States v. Privette*, 947 F.2d 1259 (5th Cir. 1991), is factually similar to this case and involved a logical extension of Henry. The defendant in *Privette* was convicted of a conspiracy charge, a possession of amphetamines with intent to distribute charge, and two gun charges under § 924(c)(1). Both gun charges listed the conspiracy as a predicate offense, but each count also listed additional predicate offenses not listed in the other count. The court acknowledged that the conspiracy and possession with intent to distribute charges could each support separate § 924(c) convictions. Still, faced with the uncertainty of whether the jury used the same conspiracy charge for both gun charges, the court relied on *Henry*, stating "that to avoid violating double jeopardy principles each firearms offense must be sufficiently linked to a separate drug trafficking offense to prevent two convictions under § 924(c) on the same drug offense." *Id.* at 1262-63. The court continued:

> We face the same problem here as the court faced in *Henry* and come to the same conclusion. We cannot determine whether the jury based both convictions on

9

the use of firearms in the conspiracy. If the jury convicted Privette twice for using firearms during the conspiracy, Privette would be doubly punished for the same crime.

The government would distinguish *Henry* because here the indictment included an additional drug trafficking crime. It is true that in *Henry* the drug trafficking offenses were identical and here they only overlap, but this distinction does not address the double jeopardy problem. The firearm charge must be tied to a specific drug trafficking offense to avoid *the possibility* that the jury will base two firearms charges on the same drug trafficking crime. The jury is able to do so whether the substantive drug offenses listed in the firearms charges are identical or overlapping.

The necessary linkage between a firearms charge and a drug trafficking offense is best accomplished by clearly identifying in the indictment the drug offense supporting each firearms count. We do not say that the required linkage cannot be supplied by jury instructions or can never be determined by the facts of a case. For example the facts of a case might permit no reasonable conclusion of multiple punishment. The key issue is whether a reviewing court can determine from the jury verdict whether the convictions violate double jeopardy principles.

*Id.* at 1263 (emphasis added).

The D.C. Circuit addressed circumstances similar to those in *Privette* and in the instant case in *United States v. Washington*, 106 F.3d 983 (D.C. Cir. 1997). Three defendants, Harmon, Washington, and Taylor were each convicted of two § 924(c) charges. Count 8 charged Harmon with using or carrying a firearm on August 10, 1993, in connection with both the drug trafficking conspiracy charged in count 2 and attempted possession with intent to distribute cocaine on the same date, charged in count 7. Washington and Taylor were charged in count 11 with using or carrying a firearm on October 5, 1993, in connection with both the drug conspiracy charged in count 2 and attempted possession with intent to distribute cocaine on the same date, charged in count 10. All three defendants were charged in count 12 with using or carrying a firearm on December 14, 1993, in connection with the drug conspiracy charged in count 2. Applying the standard of *Yates v. United States*, 354 U.S. 298, 77 S. Ct. 1064 (1957), later confirmed in *Griffin v. United States*, 502 U.S. 46, 112 S. Ct. 466 (1991), that a general verdict cannot stand where it

may have rested upon a constitutionally impermissible basis for conviction, the court agreed with the defendants that one of the § 924(c) convictions had to be vacated because it was impossible to tell whether the jury relied on the conspiracy as the predicate offense for each firearms conviction. *Id.* at 1014. As proof of the fact that the jury may well have based both firearms convictions on the conspiracy charge, the court pointed to Harmon's acquittal of count 7:

> The fact that the jury acquitted appellant Harmon of Count Seven, the attempted possession with intent to distribute charge, but nonetheless convicted him of two violations of § 924(c)(1) suggests that it is quite likely that his two firearms convictions were predicated on the same offense, the drug conspiracy. Although it is possible that one of Harmon's firearms convictions was based on the attempt count *see Anderson*, 59 F.3d at 1331 ("[T]he government need not convict of–but it must prove–the predicate crime . . ."), this conclusion, as the government acknowledges, cannot be made with sufficient confidence to warrant upholding the verdict. . . .

*Id.* The court acknowledged that the same conclusion could not be drawn for Taylor and Washington, who were convicted of both predicate offenses. Yet, in light of the district court's unified instruction to the jury permitting it to convict if it found that the defendants committed one of the charged drug trafficking crimes, the court still found it impossible at ascertain the basis for the firearms convictions. Finally, the court rejected the government's argument that the jury must have convicted Taylor and Washington based on the attempted possession with intent to distribute charge because it was the only offense charged for the specific date the gun was possessed. The court reasoned:

> Just as it was possible for the jury to convict Harmon on the firearms count with the conspiracy as the underlying offense, notwithstanding the date specification in the jury verdict form and the evidence presented, it was possible that the jury convicted Taylor and Washington of the second firearms conviction with the conspiracy as the predicate offense. Under these circumstances we conclude that it is impossible to tell on which grounds appellants Washington and Taylor were convicted, and, therefore, one of each of their § 924(c)(1) convictions must be vacated.

*Id.* at 1015.

11

The Government contends that *Washington* differs from this case because there, the court was confronted with the unique circumstance of Harmon's acquittal, suggesting a possibility that the jury might have considered the conspiracy as the predicate offense for both § 924(c) charges for all three defendants, whereas here, there is nothing similar to suggest that the jury might have based both gun convictions on the same predicate offense. The Court does not read *Washington* so narrowly, because nothing in the opinion suggests that absent Harmon's acquittal, the court would have had a basis to determine with some certainty the basis for the jury's conviction. Indeed, the Seventh Circuit, on similar facts to those in *Washington* but without an acquittal like Harmon's, concluded after examining the evidence and the jury instructions that it was simply too much guesswork to determine the jury's thoughts in convicting the defendant. *See United States v. Cappas*, 29 F.3d 1187 (7th Cir. 1994). In finding resort to the jury instructions futile, the court observed:

> Here, as we have noted, the jury was instructed to convict on count 12 if it found that Cappas "used or caused the use of a firearm on or about March 3rd, 1987, during and in relation to the offense charged in either Count II or Count XI." Because the shooting of Renda's house allegedly took place on March 3, 1987, it seems *likely* that the jury had this act of extortion in mind when it convicted on count 12. Perhaps, if the evidence *firmly excluded* the possibility that the jury relied on count 2, it might be permissible to allow two of the § 924(c) convictions to stand despite the instruction's wording. But that question is not before us today. . . . [B]ecause the instructions would have permitted the jury to convict Cappas three times for committing what Congress intended to be one offense, and because the record does not firmly exclude the possibility that the jury did exactly that, the decision of the district court, dismissing counts 28 and 29, is affirmed.

*Id.* at 1195.

The Government contends that in this case, the jury verdict form provided the necessary links between the gun charges and the predicate offenses because "the plain language of the jury's verdict form clearly asks the jurors to rely upon the separate predicate drug trafficking offenses committed on a particular date in their deliberations on the two § 924(c) charges found in Counts

6 and 13 of the indictment." (Gov't Resp. at 9.) But this assertion is questionable, as is the clarity of the verdict form. As for Count 6, the verdict referred to the charge of "possession of a firearm in furtherance of drug trafficking on February 17, 2005," while the verdict for Count 13 referred to the charge of "possession of a firearm in furtherance of drug trafficking on March 22, 2005." It is just as likely that the respective dates referred to the date of possession rather than the date of the underlying drug offense. This reading is consistent with the indictment, which, in the case of Count 6 alleged that Lewis possessed the gun on February 17, 2005, in furtherance of Counts 1 through 5, and in the case of Count 13 alleged that Lewis possessed the gun on March 22, 2005, in furtherance of Counts 1, 2, and 10-12. Moreover, as set forth above, the Court instructed the jury that they could find Lewis guilty on Counts 6 and 13 if they found that he possessed the guns in furtherance of at least one of the listed predicate offenses. Because the Government points to nothing more to "firmly exclude the possibility that the jury" used the same drug conspiracy to convict Lewis of both gun charges, the *Yates* rule applies.

Returning to the question of whether Lewis's trial and appellate counsel rendered ineffective assistance, the Court concludes that the failure of counsel to raise the issue of multiple § 924(c) offenses for a single predicate offense in this Court as well as on appeal, rendered their performances constitutionally deficient. Although counsel has no obligation to raise every possible claim, *see McFarland v. Yukins*, 356 F.3d 688, 710 (6th Cir. 2004), the law regarding this issue was sufficiently established for counsel to identify and raise the issue. Moreover, the issue was substantial – in fact, the most substantial issue Lewis could have raised on appeal.

### B. Prejudice

Lewis has also established the prejudice prong of his claim. Had counsel raised the argument that one of Lewis's § 924(c) convictions was invalid and been successful on the

argument, which the Court thinks would have been the case, the proper remedy would have been vacation of one of the § 924(c) convictions, *see United States v. Taylor*, 13 F.3d 986, 994 (6th Cir. 1994), resulting in a substantially lower sentence.

### C. Vacation of § 924(c) Conviction

Pursuant to 28 U.S.C. § 2255(b), if a court concludes that relief is warranted, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." When a district court vacates a conviction under § 924(c), it has the authority to resentence the defendant as part of the same "sentencing package." *See United States v. Hock*, 172 F.3d 676, 681 (9th Cir. 1999); *United States v. Rodriquez*, 112 F.3d 26, 30-31 (1st Cir. 1997). Accordingly, the Court will vacate Lewis's § 924(c) conviction under Count 13 and resentence Lewis on the remaining convictions.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Lewis's Motion under § 2255, vacate his § 924(c) conviction under Count 13 of the sixth superseding indictment, and resentence him on the remaining counts.

An Order consistent with this Opinion will be entered.


Dated: November 8, 2010              /s/ Gordon J. Quist
                                                            GORDON J. QUIST
                                       UNITED STATES DISTRICT JUDGE